IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **CURTIS DANIEL HART #99510,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:23-cv-00009 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| **FRANK STRADA,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Curtis Daniel Hart, an inmate at South Central Correctional Facility (SCCF), filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Frank Strada, commissioner of the Tennessee Department of Correction (TDOC). (Doc. No. 1). Plaintiff also paid the filing fee. (Doc. No. 5). The Complaint is before the Court for initial review under the Prison Litigation Reform Act. As explained below, this case may proceed for further development against Commissioner Strada in his official capacity only, and Plaintiff should consult the end of this Memorandum and Order for instructions he must follow for this case to proceed.

### I. INITIAL REVIEW

Because Plaintiff is suing a governmental officer, the Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also* 42 U.S.C. § 1997e(c)(1) (applying this standard of review to claims "brought with respect to prison conditions"). And because Plaintiff is representing himself, the Court must liberally construe the Complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

Plaintiff alleges that TDOC allows "all female inmates and only female inmates, at all of its female facilities, to possess, use, and operate electronic tablets for their enjoyment and convenience." (Doc. No. 1 at 3). By contrast, TDOC does not allow male inmates to possess or use electronic tablets. (*Id.*). On December 15, 2022, Plaintiff filed a grievance at SCCF requesting that male inmates be allowed to use electronic tablets, and on December 30, he received a response stating, "Any tablet issued to TDOC inmates will be at the discretion and direction of TDOC. Core Civic does not have control over the issuance of tablets."[1] (*Id.*). On January 4, 2023, the grievance committee found that access to electronic tablets for male inmates "is a TDOC issue." (*Id.*) Plaintiff appealed, and the SCCF warden responded, "I don't have a tablet either, agree w/ supervisor." (*Id.*). Plaintiff appealed again, and on January 12, the TDOC assistant commissioner of prisons responded by concurring with the warden and denying the appeal. (*Id.* at 3–4). Two or three days after Plaintiff filed the grievance, he was moved to a high security unit without explanation. (*Id.* at 4). And not long after that, Plaintiff was fired from his job without explanation. (*Id.*).

### B. Legal Standard

To determine if the Complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v.*

---

[1] The Court takes judicial notice that CoreCivic is a private entity contracted to manage SCCF. *See South Central Correctional Facility*, TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/south-central-correctional-facility.html (last visited Feb. 3, 2023); Fed. R. Evid. 201(b) (permitting judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

*Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

To state a Section 1983 claim, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Here, TDOC Commissioner Strada is a state actor, and liberally construing the Complaint, Plaintiff asserts violations of federal law in the form of a discrimination claim under Fourteenth Amendment's Equal Protection Clause and a retaliation claim under the First Amendment.[2] (*See* Doc. No. 1 at 3–4).

    1. Parties to the Case

As an initial matter, the Court notes that Plaintiff claims to bring this case on behalf of "all other inmates similarly situated in the" TDOC. (Doc. No. 1 at 2). But Plaintiff, as a pro se prisoner, cannot represent the interests of other inmates. *See Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) ("Generally, pro se prisoners cannot adequately represent a class." (citation omitted)). And Plaintiff does not expressly request to be appointed counsel or to have this case certified as a class action. Accordingly, Plaintiff's claims are "limited to alleged violations of his own

---

[2] Plaintiff also alleges that TDOC's differential treatment of male inmates amounts to "deliberate indifference" (Doc. No. 1 at 3)—an apparent reference to the standard for establishing various types of Eighth Amendment violations by prison officials. *See Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021) ("To distinguish actionable conduct from a mere accident, a plaintiff challenging the conditions of their confinement under the Eighth Amendment—whether based on inadequate medical care, a failure to protect the plaintiff from other inmates, or some other cognizable basis—'must show that the prison officials acted with "deliberate indifference" to a substantial risk [of] serious harm.'" (quoting *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001)). But Plaintiff's allegations do not challenge his conditions of confinement in a way that implicates the Eighth Amendment, so the Court does not consider him to be asserting an Eighth Amendment claim.

3

constitutional rights." *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989)).

As for the Defendants to this case, in addition to Commissioner Strada, Plaintiff names a Defendant as "all unknown/named TDOC, and/or Core Civic employees." (Doc. No. 1 at 2). But that is not a proper Defendant, as "a collection of employees at a correctional facility, considered as a group, is not a 'person' for the purpose of Section 1983." *See Taylor v. Emps. at Sumner Co. Jail*, No. 3:19-cv-00401, 2019 WL 4860628, at *3 (M.D. Tenn. Oct. 2, 2019) (citing *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006)). To sue a TDOC or CoreCivic employee, Plaintiff must identify that employee by name; if Plaintiff does not know the name of a particular TDOC or CoreCivic employee who he believes violated his rights, then Plaintiff may name that individual as a Defendant using the placeholder "John Doe" or "Jane Doe." Regardless, however, Commissioner Strada is the only properly named Defendant to this case at this time.

2. Equal Protection

Turning to the substance of the Complaint, "[t]he Equal Protection Clause of the Fourteenth Amendment provides that a state may not 'deny to any person within its jurisdiction the equal protection of the laws.'" *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (quoting U.S. Const. amend. XIV, § 1). It "embodies the principle that all persons similarly situated should be treated alike." *Id.* (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)).

Plaintiff alleges that TDOC permits all female inmates within its system to possess and use electronic tablets, while permitting no male inmates within its system to possess and use electronic tablets. In other words, Plaintiff alleges that TDOC has a policy on electronic tablet use that facially classifies inmates by gender. For the purpose of initial review, accepting Plaintiff's allegations as true, this allegation states a non-frivolous equal protection claim.

The only proper Defendant to this case is TDOC Commissioner Frank Strada, and the Complaint does not specify whether Commissioner Strada is sued in his official capacity, individual capacity, or both. As explained below, Plaintiff may proceed with this equal protection claim against Commissioner Strada in his official capacity only, and only with respect to certain requested injunctive relief.

"An official-capacity claim against a person is essentially a claim against the" entity that the person represents, while "an individual-capacity claim seeks to hold an official personally liable for the wrong alleged." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013)). Plaintiff does not make sufficient allegations of personal involvement by Commissioner Strada to state a claim against Strada in his individual capacity. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."). To the extent that Plaintiff is attempting to impose individual liability on Commissioner Strada based on his subordinate's response to Plaintiff's grievance, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

As to Plaintiff's official-capacity claims, Commissioner Strada represents the TDOC, so any official-capacity claim against Commissioner Strada is equivalent to a claim against the TDOC itself. Plaintiff cannot recover money damages from Commissioner Strada in his official capacity because the TDOC is an "agenc[y] of the state of Tennessee" that is "entitled to Eleventh Amendment immunity from suit for damages." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citations omitted).

However, Plaintiff also requests certain injunctive relief, including that the TDOC "allow all male inmates in" its system "the same rights as the female inmates" with respect to electronic tablets. (Doc. No. 1 at 4). This is a request for prospective relief to address an allegedly ongoing violation of federal law. Accordingly, Plaintiff may pursue this request for relief against TDOC Commissioner Strada in his official capacity. *See Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (explaining that the *Ex Parte Young* doctrine "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity" where the complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" (internal citations and quotation marks omitted)).

3. Retaliation

Plaintiff also alleges that, shortly after filing a grievance on the electronic tablet issue, he was moved to a high security unit and fired from his job without explanation. These allegations implicate Plaintiff's First Amendment right to be free from retaliation, but as explained below, Plaintiff fails to state a retaliation claim against Commissioner Strada (the only proper Defendant).

To establish a retaliation claim, "a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999)). Plaintiff's filing a grievance was protected conduct, *see id.*, and being fired from a prison job can constitute an adverse action. *See Shehee*, 199 F.3d at 301. So can being moved to a high security unit, if that transfer "result[ed] in more restrictions and fewer privileges" for Plaintiff. *See Hill*, 630 F.3d at 474 (citing *King v. Zamiara*, 150 F. App'x 485, 494 (6th Cir. 2005)). And the close temporal

6

proximity between Plaintiff's filing the grievance and suffering these adverse actions supports an inference of retaliatory motive. *See Maben v. Thelen*, 887 F.3d 252, 268 (6th Cir. 2018).

But Plaintiff does not allege that Commissioner Strada was involved in the alleged adverse actions in any way, so he fails to state a retaliation claim against Strada in his individual capacity. *See Grinter*, 532 F.3d at 576. Plaintiff also cannot pursue monetary damages from Strada in his official capacity. *See Wingo*, 499 F. App'x at 454. Finally, Plaintiff requests injunctive relief barring TDOC officials from retaliating against him (Doc. No. 1 at 4), but this request addresses alleged instances of retaliation that occurred in the past rather than ongoing violations of federal law, so Plaintiff cannot proceed with a retaliation claim against Strada under the *Ex Parte Young* framework. *See Boler*, 865 F.3d at 412. Plaintiff, therefore, fails to state a retaliation claim at this time. If Plaintiff would like to pursue this retaliation claim going forward, he must file an amended complaint that names a Defendant who was personally involved in the alleged adverse actions discussed above.

## II. CONCLUSION AND REFERRAL

For these reasons, the Court concludes that Plaintiff states a non-frivolous equal protection claim based on TDOC's alleged policy of facially classifying inmates by gender when determining inmates' eligibility to access and use electronic tablets. Plaintiff may proceed with his request for injunctive relief from Commissioner Strada in his official capacity as it relates to this claim only. All other claims and requests for relief are **DISMISSED**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This case is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

### III. INSTRUCTIONS TO PLAINTIFF

The only Defendant in this case is TDOC Commissioner Frank Strada. Plaintiff must ensure that Commissioner Strada is served with summons and the Complaint. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) and the Court's Information Sheet for pro se prisoners titled "Service of Process in Civil Rights Cases."[3]

Plaintiff **MUST** complete this service packet and return it to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. To return a completed service packet in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Failure to return a completed service packet by the deadline could lead to dismissal of this case, but Plaintiff may request more time to comply with this Order, if necessary. Also, this case may be dismissed if Plaintiff fails to notify the Clerk's Office of any change in address.

It is so **ORDERED**.

*[signature]*
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.