IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

CURTIS DANIEL HART )
)
v. ) NO. 1:23-cv-00009
)
FRANK STRADA )

**TO:** Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

By Memorandum and Order entered April 4, 2023 (Docket Entry No. 6), this *pro se* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that Plaintiff's motion for class certification (Docket Entry No. 15) be denied.

### I. BACKGROUND

Curtis Daniel Hart ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On February 22, 2023, he filed this lawsuit against Frank Strada, the TDOC Commissioner, seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Upon initial review under 28 U.S.C. § 1915A, several claims and defendants were dismissed, but the Court found that Plaintiff stated a colorable equal protection claim based on TDOC's alleged policy of facially classifying inmates by gender when determining inmates' eligibility to access and use electronic tablets, and the Court permitted the claim to proceed as one for injunctive relief against Commissioner Strada in his official capacity. *See* Memorandum and Order at 7. Defendant Strada has been granted an extension to June 17, 2023, to respond to

the complaint. By Order entered June 1, 2023 (Docket Entry No. 17), Plaintiff's motion for the appointment of counsel was denied.

By his pending motion, Plaintiff seeks an order certifying a class of plaintiffs in this case under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that all male prisoners within the TDOC are impacted by the TDOC policy that he is challenging and that his case is a "textbook example of a situation warranting class-wide treatment under Federal Rule of Civil Procedure 23(b)(2)." *See* Memorandum in Support (Docket Entry No. 16) at 1.

## II. CONCLUSIONS

Plaintiff's motion must be denied for one significant reason; he is acting *pro se*. Under Rule 23(a), one of the four prerequisites that must be satisfied for any class to be certified is that the representative party must be able to fairly and adequately protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 716-17 (6th Cir. 2000). The established law within this Circuit is that a *pro se* party is not a proper representative of a class. *See Ziegler v. Michigan*, 90 F. App'x. 810 (6th Cir. January 23, 2004); *Palasty v. Hawk*, 15 F. App'x 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991); *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520 at *1 (N.D. Ohio Jan. 31, 2020); *Mustric v. Huntington Nat'l Bank*, 2019 WL 1472095 at *2 (S.D. Ohio Apr. 3, 2019); *Myers v. Transcor Am., LLC*, 2009 WL 793752 at *1 (M.D. Tenn. Mar. 23, 2009) (Trauger, J.); *Powers v. NWA, Inc.*, 2006 WL 984738 at *2 (W.D. Tenn. Apr. 13, 2006); *Collins v. Kentucky*, 2004 WL 3623342 at *1 (E.D. Ky. Oct. 22, 2004). Additionally, Plaintiff, as a *pro se* party, may represent himself in his own case, but he cannot make filings on behalf of another party. *See* 28 U.S.C. § 1654; *Freeman v. Southern Health Partners*, 2012 WL 4903376 at *2 (M.D. Tenn. Oct. 16, 2012) (Sharp, J.); *Powers*, *supra*.

## RECOMMENDATION

For the reasons set out herein, it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 15) to certify a class in this lawsuit under Rule 23 be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge