IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **CURTIS DANIEL HART, #99510,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-0009 |
| ) | |
| **TENNESSEE DEPARTMENT OF** ) | |
| **CORRECTIONS COMMISSIONER** ) | |
| **FRANK STRADA (official capacity),** ) | |
| ) | |
| Defendant. ) | |

**MEMORADNUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant Tennessee Department of Corrections ("TDOC") Commissioner Frank Strada seeks dismissal of Plaintiff Curtis Hart's Complaint (D.E. 1) in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim against him upon which relief can be granted. This dismissal should be granted because Plaintiff's Complaint contains no factual allegations that any TDOC policy or custom directly caused a constitutional violation. Moreover, Plaintiff has pleaded no facts that support, through deliberate conduct, TDOC was the moving force behind Plaintiff's lack of access to an electronic tablet.

**STATEMENT OF FACTS**[1]

Plaintiff offers a bare allegation that TDOC permits all female inmates within its system to possess and use electronic tablets, while not permitting male inmates within its system the same possession and use of electronic tablets. (DE 1, IV ¶ 1.) Though not explicitly stated, Plaintiff seems to bring this action under the Equal Protection clause of the Fourteenth Amendment, as he

---

[1] All facts stated herein are accepted for purposes of this Motion to Dismiss only.

1

is alleging that TDOC has a policy on electronic tablet use that facially discriminates inmates by gender. (*Id*. at IV ¶¶ 4-7.)

On December 15, 2022, Plaintiff filed a grievance, concerning the same allegation presented to the Court, in the South Central Correctional Facility (SCCF). (*Id*. at IV ¶ 9.) Plaintiff avers the contention of the SCCF supervisor, hearing committee, warden, and assistant commissioner that any tablet issuance is at the discretion and direction of TDOC, and that Core Civic does not have control over the issuance of tablets. (*Id*. at ¶¶ 9-14.) Plaintiff then asserts that he appealed these decisions at each level, including an appeal to "defendant commissioner of the TDOC." (*Id*. at ¶ 13.) Plaintiff does not allege that he received confirmation of receipt or response to his appeal from Defendant Strada.

Plaintiff further alleges that without explanation he was moved to a high security unit and terminated from his employment. (*Id*. at ¶ 15.) Plaintiff does not allege that TDOC employed him, terminated his employment, or knew of or acquiesced in the termination.

Plaintiff now seeks injunctive relief that TDOC allow all male inmates in its system the same rights as the female inmates with respect to electronic tablet use.[2] (*Id*. at ¶ 4.)

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the court must accept as true all the plaintiff's allegations and resolve all doubts in the plaintiff's favor. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11-12 (6th Cir.1987). Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. *Bumpas v. Corr. Corp. of Am*., No. 3:10-

---

[2] According to this Court's Order, Plaintiff may proceed with his request for injunctive relief from Defendant Strada, in his official capacity, as it relates to this claim only. All other claims and requests for relief are dismissed. (DE 6, pg. 7.)

1055, 2011 WL 3841674, at *4 (M.D. Tenn. Aug. 30, 2011), report and recommendation adopted, No. 3:10-1055, 2012 WL 463157 (M.D. Tenn. Feb. 13, 2012) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1990)).

A complaint need not contain detailed factual allegations, but a plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp*, 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions are required to withstand a motion to dismiss, and the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Id.; Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436-37 (6th Cir. 1988).

## **LEGAL ARGUMENT**

A claim against Defendant Strada in his official capacity is equivalent to a claim against the entity that employs him, which in this case is TDOC. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). For purposes of Eleventh Amendment immunity, TDOC is an extension of the State of Tennessee, and therefore sovereign immunity applies. *Primm v. Tenn. Dep't of Corr*., No. 3:15-cv-00230, 2017 WL 1210066, at *5 (M.D. Tenn. Mar. 31, 2017) (citing *Owens v. O'Toole*, No. 3:14-cv-02040, 2014 WL 5846733, at *3 (M.D. Tenn. Nov. 12, 2014)).

There are only three exceptions to the general rule of sovereign immunity: (a) where a state has waived its immunity and has consented to be sued in federal court, *see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); (b) where Congress validly abrogates sovereign immunity through its enforcement powers pursuant to the Fourteenth Amendment to the United States Constitution, *see Seminole Tribe of Fla. v. Fla.*, 517 U.S. 57-73, 116 S. Ct. 1114, 1123, 134 L. Ed. 2d 252 (1996); and (c) where a plaintiff sues state officials in their official capacities seeking only prospective injunctive relief for a continuing violation of federal law, *see Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 453, 52 L. Ed. 714 (1908).

Plaintiff seeks the injunctive relief that TDOC allow male inmates in its facilities the same rights as the female inmates with respect to electronic tablet use. (DE 1, ¶ 4.) Under Section 1983, a plaintiff seeking injunctive relief against a state agency must allege: that he suffered a constitutional violation **and** that a TDOC policy or custom directly caused the violation. *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. 658, 690-92) (emphasis added).

In other words, a plaintiff seeking to impose liability under Section 1983 must demonstrate that, "through its deliberate conduct, the municipality was the moving force behind the injury alleged," and therefore, creating "direct causal link between the municipal action and the deprivation of federal rights." *Phillips v. Shelton*, No. 2:18-cv-00077, 2019 WL 429679, at *4 (M.D. Tenn. Feb. 4, 2019) (quoting *Burns v. Robertson Cty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) and *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official

with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Stallings v. Bledsoe Cnty. Corr. Complex*, No. 3:21-CV-00397, 2021 WL 2784159, at *4 (M.D. Tenn. July 1, 2021) (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Here, Plaintiff does not attribute his alleged injury–of not having access to an electronic tablet–to any TDOC policy. The Complaint contains no allegation regarding a TDOC policy being a moving force behind any alleged injury to Plaintiff. To be sure, the Complaint does not mention any TDOC policy. Rather, Plaintiff alleges the contention of the SCCF supervisor, hearing committee, warden, and assistant commissioner that tablet issuance is at the discretion and direction of TDOC, and Core Civic does not have control of the issuance of tablets. (DE 1, at ¶¶ 9-14.) This does not rise to the level of TDOC policy affirmatively denying electronic tablets to all male inmates on the basis of gender.

To show that an official with final decision-making authority ratified an illegal action, a plaintiff must demonstrate that a "deliberate choice to follow a course of action is made from among various alternatives by the official ... responsible for establishing final policy with respect to the subject matter in question." *Burgess*, 735 F.3d at 479 (citing *Pembaur*, 475 U.S. at 483, 106 S.Ct. 1292). Plaintiff makes no allegation that Defendant Strada ratified a final policy that thwarts access or use of electronic tablets based on gender. At best, Plaintiff appealed the denials of Core Civic staff to Defendant Strada, but there is no allegation that Defendant Strada received this appeal or responded. (*Id*. at ¶ 13.)

Lastly, to demonstrate custom, a plaintiff must show a *pattern* of similar acts. *Burgess*, 735 F.3d at 478 (citing *Thomas*, 398 F.3d at 433; *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241,

1248 (6th Cir. 1989)) (emphasis added). Although Plaintiff broadly pleads that "all male inmates in [TDOC's] facitilites" do not have access to electronic tablets, Plaintiff does not put forth factual allegations that support a pattern of not allowing any male inmate to possess or use electronic tablets. Indeed, Plaintiff only puts forth factual allegations of his one grievance process, requesting that tablets be provided to male inmates. (DE 1, IV ¶¶ 9-14.) Outside of this single instance, Plaintiff merely presents a conclusory assertion that by his not having access to an electronic tablet that TDOC is discriminating against all male inmates, without consideration to any other explanation.

Plaintiff fails to allege any TDOC policy or custom directly caused a constitutional violation. *See Hadrick*, 876 F.3d at 243. Indeed, Plaintiff has pleaded no facts that support, through deliberate conduct, TDOC was the moving force behind Plaintiff's lack of access to an electronic tablet. *Phillips*, 2019 WL 429679, at *4. Thus, Plaintiff has failed to state a claim upon which relief can be granted, and therefore, should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant Strada respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Lauren Rota*
LAUREN ROTA, BPR No. 037573
Assistant Attorney General
Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Off. (615) 741-1442
Fax (615) 532-4892

Lauren.Rota@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, a copy of the foregoing *Memorandum of Law in Support of Defendant's Motion to Dismiss* was filed electronically via ECF, and on June 20, 2023, was served by prepaid postage U.S. mail to:

**Curtis Daniel Hart, #099510**
South Central Correctional Center
P.O. Box 279
Clifton, Tennessee 38425
*Pro se plaintiff*

*/s/ Lauren Rota*
LAUREN ROTA, BPR No. 037573
Assistant Attorney General