IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

CURTIS DANIEL HART       )
                         )
       v.                )       No. 1:23-cv-00009
                         )
FRANK STRADA             )

**TO:** Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

By Memorandum and Order entered April 4, 2023 (Docket Entry No. 6), this *pro se* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion to dismiss (Docket Entry No. 19) filed by Defendant Frank Strada. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be denied.

### I. BACKGROUND

Curtis Daniel Hart ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On February 22, 2023, he filed this *pro se* lawsuit against TDOC Commissioner Frank Strada ("Strada"), seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. *See* Complaint (Docket Entry No. 1).

Upon initial review under 28 U.S.C. § 1915A, the Court found that Plaintiff stated a colorable Fourteenth Amendment equal protection claim based on Plaintiff's allegations that SCCF officials were denying male inmates access to and use of electronic tablets. *See* Memorandum and Order at 7. Plaintiff contends that female inmates within the TDOC are

permitted to use electronic tablets, and he claims that this difference in treatment amounts to unequal treatment based upon gender. *Id*. at 4-6. This claim was permitted to proceed against Strada in his official capacity as only a claim seeking prospective injunctive relief. *Id*. at 7. All other claims and defendants were dismissed. *Id*.

In lieu of an answer, Defendant Strada has filed the pending motion to dismiss. By his motion, Strada argues that Plaintiff's lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the complaint does not contain factual allegations that a TDOC policy or custom directly caused a constitutional violation and because Plaintiff has pleaded no facts that support a finding that TDOC, through deliberate conduct, was the moving force behind Plaintiff's lack of access to an electronic tablet. *See* Memorandum in Support (Docket Entry No. 19-1).

In response, Plaintiff alleges that his complaint is sufficient to state a claim for relief under the Fourteenth Amendment because he clearly alleges that: (1) he has been subjected to treatment that differs from female TDOC inmates; (2) this treatment is the result of prison officials' use of a gender classification; and, (3) the classification arises from a policy or custom that is in place at the direction of TDOC and that controls the conduct of SCCF officials who manage the SCCF. *See* Plaintiff's Response (Docket Entry No. 22). Plaintiff argues that he has adequately alleged that a TDOC policy is the moving force behind the alleged differing treatment. Specifically, he points to factual allegations contained in his complaint that: (1) he submitted a grievance of the issue while at the SCCF and the SCCF supervisor who responded to the grievance stated, "Any tablet issued to TDOC inmates will be at the discretion and direction of TDOC. Core Civic does not have control over the issuance of tablets." *see* Complaint at 3, ¶ 9; (2) the response from the grievance committee was, "This is a T.D.O.C. issue." *id* at 3, ¶ 10; (3)

2

Case 1:23-cv-00009    Document 23    Filed 09/19/23    Page 2 of 6 PageID #: 86

the response from the SCCF Warden to his grievance appeal was, "I don't have a tablet either, agree w/supervisor." *id*. at 3, ¶ 12; and, (4) his final level appeal to the TDOC Commissioner was denied with the statement, "Concurring with the Warden." *Id*. at 4, ¶ 14.

## II. STANDARD OF REVIEW

In reviewing a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Additionally, the Court is required to give the pleadings of *pro se* litigants a liberal construction. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

Plaintiff's pleadings must provide the grounds for Plaintiff=s entitlement to relief and consist of more than Alabels and conclusions.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully.@ *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

The Court finds that the *pro se* prisoner Plaintiff has set out sufficient allegations to state a claim for relief. Accordingly, the motion to dismiss should be denied and Defendant should be required to answer the complaint.

Defendant Strada does not argue that Plaintiff's allegation of differing treatment between male and female inmates regarding electronic tablets is not sufficient to support a plausible

3

violation of the Fourteenth Amendment's Equal Protection Clause.[1] Instead, Defendant's request for dismissal is directed at the issue of whether Plaintiff has sufficiently alleged that the constitutional violation was caused by a TDOC policy or custom, a necessary showing for Plaintiff's claim.

Plaintiff's claim of governmental liability for unconstitutional conduct requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by TDOC or its agent. *Monell Dep't of Social Svcs.*, 436 U.S. 658, 690-691 (1978). In short, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 693; *Regets v. City of Plymouth*, 568 F.App'x 380, 393 (6th Cir. 2014). Plaintiff can show an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Plaintiff alleges that male TDOC inmates are treated differently than female TDOC inmates by being denied access to and use of electronic tablets for no reason other than gender

---

[1] The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., Amendment XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)) (cleaned up).

As is required by the Prison litigation Reform Act, Plaintiff raised this issue with prison officials through the prison grievance process and was provided with an explanation that the matter was a "TDOC issue" and was something that was within the discretion and direction of TDOC. Not surprisingly, Plaintiff therefore believes that the differing treatment is the result of a TDOC policy or custom. Plaintiff's allegations are not conclusory and are sufficient to infer that the moving force behind the differing treatment is not the conduct of an individual actor at the SCCF but is the implementation of a TDOC policy or custom that controls the conduct of SCCF officials.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bullington v. Bedford Cty., Tenn.*, 905 F.3d 467, 469 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). At this stage of the proceedings, Plaintiff's allegations are sufficient to meet the plausibility standard. The Court does not agree, within the context of this case, that Plaintiff should be required to point in his pleadings to a specific or enumerated TDOC policy or to make more detailed allegations of the existence of a policy or custom. As a prison inmate, Plaintiff appears to the Court to have obtained as much of a pre-litigation basis for alleging a governmental liability claim as is reasonable to expect. Defendant's argument for dismissal is based upon a narrow reading of the complaint and essentially asks the Court to construe the factual allegations made by Plaintiff in a manner that favors Defendant's argument, not in favor of Plaintiff as required under the standard of review for a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 682. The Court declines to do so.

## R E C O M E N D A T I O N

For the reasons set out herein, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 19) filed by Defendant Frank Strada be DENIED and that Defendant Strada be required to answer the complaint.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge