IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| CURTIS DANIEL HART | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00009 |
| | ) | |
| FRANK STRADA | ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., United States District Judge

## REPORT AND RECOMMENDATION

By Memorandum and Order entered April 4, 2023 (Docket Entry No. 6), this *pro se* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion for summary judgment (Docket Entry No. 50) of Defendant Frank Strada. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED**.

## I. BACKGROUND

Curtis Daniel Hart ("Plaintiff") is a male inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On February 22, 2023, he filed this *pro se* lawsuit against TDOC Commissioner Frank Strada ("Defendant" or "Strada"), seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. *See* Complaint (Docket Entry No. 1).

Plaintiff alleges that TDOC "allows all female inmates and only female inmates, at all of it's female facilities, to possess, use, and operate electronic tablets for their enjoyment and convenience." (*Id.* at Section IV, ¶1.) He further alleges that TDOC has partnered with the JPay company "to provide all female inmates, housed in all of the female facilities, access to

electronic tablets for their personal use., (i.e. to listen to music, send and receive e-mails, watch movies, and video chat with family and friends)" (*id*. at ¶ 2), and "to provide the kiosk, necessary to download new content to the tablets to keep them updated and current, in all state facilities that house remailer inmates." (*Id*. at ¶ 3.) Plaintiff asserts that TDOC does not allow male inmates to possess, use, or operate electronic tablets and claims that the difference in treatment amounts to gender discrimination.

Plaintiff pursued a prison grievance at the SCCF, requesting that male inmates be allowed to use electronic tablets, and on December 30, 2022, he received a response stating, "Any tablet issued to TDOC inmates will be at the discretion and direction of TDOC. Core Civic does not have control over the issuance of tablets."[1] (*Id*. at ¶¶ 8-9.) The grievance committee found that access to electronic tablets for male inmates "is a TDOC issue." (*Id*. at ¶10.) Plaintiff appealed to the SCCF warden, who responded, "I don't have a tablet either, agree w/ supervisor." (*Id*. at ¶¶ 11-12.) Plaintiff then appealed to the final level, and the TDOC assistant commissioner of prisons responded by concurring with the warden and denying the appeal. (*Id*. at ¶¶ 13-14.)

Upon initial review of the lawsuit under 28 U.S.C. § 1915A, the Court found that Plaintiff stated a colorable Fourteenth Amendment equal protection claim based on the allegations of gender based discriminatory treatment among TDOC inmates. (Docket Entry No. 6 at 7.) The claim was permitted to proceed only against Strada in his official capacity and only as a claim seeking prospective injunctive relief. (*Id*. at 7.)[2] All other claims and defendants were

---

[1] The Court takes judicial notice that CoreCivic is a private entity that has contracted with TDOC contracted to manage SCCF.

[2] Plaintiff requests an order that Defendant "cease their discriminatory practices and allow all male inmates in the T.D.O.C., the same rights as the female inmates in being allowed to have access to own and operate electronic tablets." (Docket Entry No. 1 at Section V, ¶3.)

dismissed, including claims under the First and Eighth Amendments. (*Id*.) The Court subsequently denied Plaintiff's motion for class certification of his lawsuit. (Docket Entry No. 21.)

Defendant filed an early motion to dismiss, arguing that Plaintiff failed to state a claim upon which relief can be granted because his factual allegations were not sufficient to support a claim that TDOC was the moving force behind the alleged constitutional violation. This motion was denied (Docket Entry No. 24), and Defendant subsequently answered the complaint with a denial of constitutional wrongdoing. (Docket Entry No. 27.) A scheduling order was entered, providing the parties with a period for pretrial activity in the case. (Docket Entry No. 28.) A jury trial has been demanded, but a trial date has not yet been set pending resolution of the motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant seeks entry of summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. He supports his motion with: (1) a memorandum of law (Docket Entry No. 51); (2) a statement of undisputed material facts ("SUMF") (Docket Entry No 52); (3) the affidavits and declarations of Women's Therapeutic Residential Center ("WTRC") Associate Warden of Treatment Shakera Greer ("Greer") (Docket Entry No. 52-1), TDOC Specialized Services Correctional Administrator Jennfier Boyd ("Boyd") (Docket Entry No. 52-2), Debra K. Johnson Rehabilitation Center ("DJRC") Warden Taurean James ("James") (Docket Entry No. 52-3), and SCCF Assistant Warden of Programs/Treatment Helan Moon ("Moon") (Docket Entry No. 52-4); (4) excerpts from Plaintiff's deposition transcript (Docket Entry No. 52-5)[3];

---

[3] The appended exhibits to Defendant's statement of undisputed material facts are not briefly described as required by the Court's CM/ECF filing procedures, which results in that

and, (5) copies of Plaintiff's responses to written interrogatories and of TDOC Policies 507.03 and 504.01 (Docket Entry Nos. 51-1 to 51-3).

Defendant argues that the undisputed facts do not support Plaintiff's claim that his equal protection rights were violated. Defendant asserts that the WTRC was renovated in 2016 and that the electronic tablets and corresponding kiosks were put in place at that time as part of a limited pilot program to serve as a basis for observation for the future implementation of electronic tablets in all TDOC correctional facilities. (Docket Entry No. 52-2.) WTRC inmates can use the tablets to read books, listen to music, play games/trivia, and send e-mails that are monitored and screened by TDOC officials. (Docket Entry No. 52-1.) The tablets at the WTRC cannot be used to make phone calls but can be used to interface with kiosks at the WTRC for video visitation sessions as long as a third party has paid the fee associated with the video session. (*Id.*) In 2018, a limited number of tablets were also issued to female inmates at the DJRC as part of the pilot program. (Docket Entry No. 52-2.) The tablets used at the DJRC are restricted to only allow users to make paid-for phone calls if an inmate has available funds in their inmate trust fund account and the tablets do not provide access to books, music, movies, email, texts, education benefits, or video calls. (Docket Entry No. 52-3.)

Defendant contends that Plaintiff is not similarly situated to female inmates at the WTRC, which is a facility centered on behavioral therapy, because of the different nature of the WTRC and the SCCF, where Plaintiff is housed. Defendant also contends that Plaintiff cannot show that the tablets are utilized to create a significant disparity of treatment between him and the inmates of WTRC. Defendant points out that use of the tablets does not provide extra

---

much greater expenditure of already limited judicial resources in identifying, reviewing, and referring to the exhibits. Defendant's counsel is cautioned that continued failure to follow the Court's required procedures will become increasingly consequential.

educational or vocational opportunities or programing for female inmates and does not offer female inmates free phone privileges. Furthermore, Defendant argues that the issuance of the tablets was reasonably related to a legitimate penological interest of testing a new program before a rollout to the entire prison population and that the pilot program was not made by TDOC with any discriminatory purpose or intent.

Plaintiff responds with a memorandum of law (Docket Entry No. 62), a response to Defendant's SUMF (Docket Entry No 63), his own statement of additional undisputed material facts (Docket Entry No. 64), and 12 exhibits, consisting of copies of Defendant's discovery responses, TDOC policies, a 2023 TDOC annual report, a 2023 inmate handbook, inmate job descriptions, and new articles and social media posts. (Docket Entry No. 62-1.)

Plaintiff argues that he is similarly situated to the female inmates at the WTRC and the DJRC and that there are various ways in which there is a disparity of treatment between male and female TDOC inmates. He specifically points to the ability of female inmates to use the tablets to make private telephone calls at their leisure, as contrasted to male inmates who must share a limited amount of telephones that can only be used at certain times. He further questions whether there was actually a pilot program as asserted by Defendant and questions the legitimacy of the asserted pilot program since it does not include male inmates, even though there are male inmates housed in another wing of the facility where the WTRC is located. He finally asserts that a discriminatory intent or purpose on the part of TDOC can be implied from evidence of other disparities between female and male TDOC inmates, such as the fact that only female inmates are expressly permitted to have earrings in their personal property and only female inmates can participate in TDOC's "child visitation program." (Docket Entry No. 61.) Plaintiff

5

contends that factual questions about these issues exist that require the denial of Defendant's motion.

Defendant filed a response to Plaintiff's additional statement of undisputed material facts (Docket Entry No. 67), but did not file an actual reply to Plaintiff's response.

### III.  STANDARD OF REVIEW

Summary judgment under Rule 56 is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). "By its very terms, this standard provides that the mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).  In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003)

(citation and quotations omitted). Once the moving party has met this burden, the nonmoving party is not entitled to a trial merely on the basis of allegations but must present evidence supporting its claims or defenses. *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The nonmoving party must present significant probative evidence that will reveal that there is more than some metaphysical doubt as to the material facts. *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not sufficient to defeat a well-supported motion for summary judgment. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252). In the end, there must be evidence on which a trier of fact could reasonably find for the non-moving party. *Rodgers*, 344 F.3d at 595.

In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249.

### IV. ANALYSIS

After full consideration of the parties' filings, the Court finds that Defendant is entitled to summary judgment. Based on the record before the Court, no reasonable jury could find in favor of Plaintiff on his claim. Any issues of fact that exist do not rise to the level of genuine issue of material that must be resolved at trial.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., Amendment XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019). Generally, this prohibits the state from making "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005).

Clearly, the facts of this case do not show that a fundamental right is at issue and has been burdened by Plaintiff's lack of access to an electronic tablet while he is incarcerated. Plaintiff himself does not even make this argument. Additionally, Plaintiff does not allege that he has been intentionally and individually singled out for differential treatment from other similarly situated inmates or that a suspect classification is involved. *See L.E. by Esquivel v. Lee*, 728 F. Supp. 3d 806, 830 (M.D. Tenn. 2024) (noting that a suspect classification is one directed at race, alienage, or national origin).

Instead, Plaintiff's claim is based upon his contention that male TDOC inmates, such as himself, have suffered unlawful gender based discrimination, which does not target a suspect classification. The first step necessary for Plaintiff to prove this type of claim is to show that, as a male inmate, he was accorded treatment by TDOC with respect to the electronic tablets that was unequal to the treatment of female inmates. *Sullivan v. City of Cleveland Heights*, 869 F.2d 961, 963 (6th Cir. 1989). The Court finds that Plaintiff's equal protection claim fails at this initial step because the undisputed evidence in the record shows that there were female inmates who were likewise denied access to the electronic tablets. Although neither party devotes any

8

Case 1:23-cv-00009   Document 68   Filed 08/18/25   Page 8 of 11 PageID #: 620

real attention to this significant factor, is undisputed that tablets were provided to female inmates at only the WTRC and the DJRC and the evidence in the record shows that tablets were not provided to female inmates who reside at the Bledsoe County Correctional Complex, TDOC's third facility that houses female inmates. (Docket Entry No. 62-1 at 27.) Further, it is undisputed that only a limited number of tablets were provided to female inmates at the DJRC. (Docket Entry No. 63 at ¶ 14.)[4] There are clearly both male and female inmates who are deprived of the use of electronic tablets. In such a scenario, Plaintiff cannot show that he has been the victim of gender-based discrimination and his equal protection claim must fail without consideration of any other factors. *Canterino v. Wilson*, 869 F.2d 948, 954 (6th Cir. 1989) ("Appellees have failed to prove that the denial of study and work release to members of their class is gender-based discrimination on its face, because both men and women are included in the class of people who may be denied study and work release.").

Further, to succeed on his equal protection claim, Plaintiff must not only show unequal treatment with the class of female inmates but also that a discriminatory purpose was a factor in the challenged action. *Lackey v. Tennessee Corr. Inst.*, No. 3:15-CV-00843, 2016 WL 891393, at *6 (M.D. Tenn. Mar. 9, 2016) (Trauger, J.) (citing *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1997)). The evidence in this case that not only male inmates but also female inmates were denied the use of electronic tablets weighs against any finding that a discriminatory purpose was involved in the decision made by TDOC on how to allocate the tablets.

---

[4] Although Plaintiff disputes Defendant's contention that the tablets were distributed at the DJRC as part of a legitimate pilot program, Plaintiff does not actually dispute the underlying assertion that a limited number of tablets were distributed at the DJRC.

9

In the absence of evidence that supports Plaintiff's claim of gender-based discrimination, his lawsuit must be dismissed because that is the only basis upon which his claim is advanced and he has not otherwise shown how his lack of access to an electronic tablet in any way infringes upon a protected constitutional right that would entitle him to relief.

Nonetheless, the Court notes that the challenged conduct of TDOC is a matter that falls squarely within the discretion of the prison officials who are charged with operating TDOC's facilities and determining what policies best fit those operating needs. *See Thornburgh v. Abbott*, 490 U.S. 401, 404-08 (1989); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979). As such, even if TDOC's actions with respect to allocating the tablets did warrant some level of scrutiny, that scrutiny would only require a reasonable relationship to a legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). *See also Washington v. Harper*, 494 U.S. 210, 223-24 (1990) ("We made quite clear that the standard of review we adopted in Turner applies to all circumstances in which the needs of prison administration implicate constitutional rights."). By his evidence, Defendant has met that minimal standard. TDOC clearly has in interest in establishing new prison programs that utilize electronic devices, such as the electronic tablets, and establishing such a program on a limited basis among a small group of inmates is reasonably related to that goal. How best to implement such a program is squarely within the discretion of TDOC officials.

## R E C O M E N D A T I O N

For the reasons set out herein, it is respectfully **RECOMMENDED** that the motion for summary judgment (Docket Entry No. 50) of Defendant Frank Strada be **GRANTED** and that this action be **DISMISSED WITH PREJDUICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge